NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted April 16, 2007
Decided April 19, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Nos**. 06-3489, 06-3548 & 06-3559

IN THE MATTER OF:
    UAL CORPORATION, *et al.*,
        *Debtors*.

APPEALS OF:
    UNITED AIRLINES, INC.; AIR LINE
    PILOTS ASSOCIATION, INTERNATIONAL;
    AND UNITED RETIRED PILOTS BENEFIT
    PROTECTION ASSOCIATION

Appeals from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

Nos.    06 C 2171
        06 C 2172
        06 C 2173
John W. Darrah, *Judge*.

## Order

Last year we held that United Air Lines need not make supplemental pension payments for October 2005 or later months, after the effective termination date of the pilots' pension plan. See *In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

Before that decision was released, the district court had held that United must make these payments for the months of November and December 2005 and January 2006. The obligation ended, the district court held, only when the plan of reorganization took effect, and not (as we were to conclude) when the pension plan terminated. The district court held that United had "waived" its right to argue for an earlier terminal date by failing to appeal from an interlocutory order that the bankruptcy court had made earlier in 2005 requiring United to make supplemental payments for the month of February.

Our opinion addressed that subject directly, holding that United had not forfeited its legal position by failing to take an interlocutory appeal. See 468 F.3d at 453-54. The pilots now contend that because we dealt with a "forfeiture" argument rather than a "waiver" argument, we should hold another round of briefing and argument. That is incorrect. Our decision fully resolved this controversy, using the correct terminology. (On the distinction between waiver and forfeiture see *United States v. Olano*, 507 U.S. 725 (1993).) If the pilots had any additional argument in support of the judgment in their favor, they should have advanced it in the prior appeal; it is no longer available.

On United's appeal, the judgment of the district court is reversed, and the case is remanded with instructions to enter a decision consistent with our opinion holding that United's obligation to make supplemental pension payments ended with the pilots' pension plan. United Airlines recovers its costs in this court.